# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT DEEMER<br>(DOC# 120219) | CIVIL ACTION |
| VERSUS | |
| JAMES CALDWELL, ET AL | NO. 11-81-BAJ-CN |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, August 18, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

ROBERT DEEMER                                                    CIVIL ACTION
(DOC# 120219)

VERSUS

JAMES CALDWELL, ET AL                                            NO. 11-81-BAJ-CN

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by petitioner, Robert Deemer ("Deemer"). In his petition, Deemer challenges the calculations of his sentences relating to his convictions for armed robbery and attempted possession of a firearm by a conviction felon in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. He previously filed habeas petitions with this Court relating to such convictions and sentences. In Civil Action No. 91-251-A-M1, Deemer challenged his 1987 armed robbery conviction and sentence, and that habeas application was denied on the merits on December 9, 1991. In Civil Action No. 99-124-RET-DLD, Deemer again challenged his armed robbery conviction and sentence, and that habeas petition was dismissed without prejudice on January 25, 2000 because Deemer failed to obtain leave from the U.S. Fifth Circuit Court of Appeals to proceed with a successive habeas application as mandated by 28 U.S.C. §2244(b)(3)(A). Finally, in Civil Action No. 10-214-BAJ-SCR, Deemer challenged his conviction and sentence for attempted possession of a firearm by a convicted felon, and that application was dismissed with prejudice as untimely on March 21, 2011.

## LAW & ANALYSIS

Pursuant to 28 U.S.C. §2244(b)(3)(A), before a second or successive application for federal habeas relief is permitted to be filed, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider his/her application. 28 U.S.C. §2244(b)(3)(A). Without such authorization, a federal district court is without jurisdiction to consider successive habeas applications. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).[1] Because Deemer has filed prior habeas applications in this Court relating to his convictions and sentences on the charges of armed robbery and attempted possession of a firearm by a conviction felon, and there is no evidence in the record that he sought or received the requisite authorization from the U.S. Fifth Circuit Court of Appeals to file this successive habeas application with the Court, his petition should be dismissed for lack of jurisdiction.

## RECOMMENDATION

Accordingly, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Robert Deemer should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Signed in chambers in Baton Rouge, Louisiana, August 18, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1] *See also, U.S. v. Berry*, 2008 WL 205073 (5th Cir. 2008)("'Because §2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Court of Appeals] has granted the petitioner permission to file one,' the district court was without jurisdiction to consider the action'"); *Leal Garcia v. Quarterman*, 573 F.3d 214 (5th Cir. 2009)(Without authorization to file a second or successive habeas petition for relief in federal district court, the otherwise-cognizant district court has no jurisdiction to entertain a successive habeas petition).